Samir CHACHOUA, Dr., Plaintiff—Appellant,

v.

Eric DAAR, Dr.; Cedars–Sinai Medical Center; James Laur; Dean William Dignam, MD; Thomas M. Priselac; James R. Klinenberg, MD; Glen D. Braunstein, MD; Shlomo Melmed, MD; Daniel M. Oshiro; Peter E. Braveman, Esq.; The Regents of the University of California, Defendants—Appellees.

No. 02–56914.

D.C. No. CV–97–05595–MMM.

United States Court of Appeals, Ninth Circuit.

Submitted March 1, 2004.*

Decided March 16, 2004.

Samir Chachoua, Dr., pro se, Tustin, CA, for Plaintiff-Appellant.

David S. Richman, Robert M. Dato, Stephan, Oringher, Richman & Theodora, Los Angeles, CA, Keri Lynn Bush, Lewis Brisbois Bisgaard & Smith, Costa Mesa, CA, for Defendants–Appellees.

Before SKOPIL, NOONAN, and BERZON, Circuit Judges.

MEMORANDUM[**]

Appellant Samir Chachoua appeals the dismissal of his case with prejudice under Fed.R.Civ.P. 41(b) and several interlocutory rulings. We affirm the dismissal and do not consider Chachoua's other claims because the dismissal was proper, foreclosing review of interlocutory rulings.

A dismissal under Fed.R.Civ.P. 41(b) is reviewed for abuse of discretion. *Al–Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir.1996). "The trial court's dismissal will only be disturbed if there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Pagtalunan v. Galaza*, 291 F.3d 639, 640–41 (9th Cir.2002) (internal quotation marks omitted).

This court weighs five factors to decide whether dismissal for failure to prosecute or comply with a court order is proper. *Id.* at 642. They are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* There must be "unreasonable delay" before dismissal is proper. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir.1994). "A reviewing court will give deference to the district court to decide what is unreasonable because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Id.* (internal quotation marks omitted).

The district judge made detailed findings regarding each factor. The analysis is sound and gives no grounds for a "definite and firm conviction" that "a clear error of judgment" occurred. Because the facts are familiar to the parties, we reference them only where relevant to the decision.

First, the public's interest in expeditious resolution of litigation was affronted by Chachoua's history of repeatedly disobeying court orders and resort to other dilatory tactics. Chachoua's disobedience and delaying tactics are summarized in the district court's order of April 3, 2000; the civil minutes of February 6, 2001; and the transcript of the district court's deliberations on November 13, 2001. Chachoua's pattern of misconduct spanned the tenures of several different attorneys who represented him below, indicating the behavior was attributable to him.

The second factor, the district court's need to manage its docket, also counseled for dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642. The district judge described clearing the calendar for trial, rescheduling other parties and witness, and asking jurors to come from afar only to have trial delayed because of Chachoua's nonappearance. The judge also described repeatedly scheduling matters only to have them continued.

Similarly, the third factor, prejudice to the defendants, also counseled for dismissal. As the district court noted, the defendants had to twice prepare for trial only to see it again delayed. The prejudice such behavior occasions was described by this court in *Al–Torki:*

> The other side is likely to have spent thousands of dollars getting its lawyers ready to try the case and arranging for witnesses and exhibits to be available.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

If the trial does not proceed, the money and effort will have been wasted.

*Al–Torki v. Kaempen,* 78 F.3d 1381, 1385 (9th Cir.1996).

The fourth factor, consideration of less drastic sanctions, also counseled for dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir.1986). The district judge tried a range of alternatives, including monetary sanctions, admonishments, threats of dismissal and continuances to try to induce Chachoua to adhere to court orders. The patience and tolerance shown Chachoua is exemplified by the district court's disposition of the defendants' first motion for dismissal under Fed.R.Civ.P. 41(b) after Chachoua disobeyed court orders during discovery in his first trial. Though the district court found that the facts "militate[d] strongly in favor of dismissal," the court decided to try monetary sanctions first "to determine if they will cure plaintiff's dilatory behavior." Chachoua flouted this order giving him a second chance by failing to pay the sanctions in the time allotted. Rather than dismiss the case, however, the district court gave him a third chance, increasing the sanctions to account for the additional costs incurred by the defendants in bringing motions after Chachoua disobeyed the court order, and warning him to pay the sanctions or face immediate dismissal.

Only the fifth factor, the interest in disposition on the merits, does not counsel in favor of dismissal. This is not grounds for overruling a dismissal when other factors counsel in favor. *See, e.g., Al–Torki,* 78 F.3d at 1385; *Pagtalunan,* 291 F.3d at 643. Here, all the other factors counseled for dismissal.

The district court was entitled to discount Chachoua's medical excuses and counsel substitution on the day of trial based on its experience with his patterns of "raising medical excuses for inability to appear for required court proceedings" and "substituting new attorneys and/or substituting in pro se in order to secure continuances when cutoff dates or other deadlines approached." *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ("It was certainly within the bounds of permissible discretion for the court to conclude that the telephone excuse offered by petitioner's counsel was inadequate to explain his failure to attend. And it could reasonably be inferred from his absence, as well as from the drawn-out history of the litigation ... that petitioner had been deliberately proceeding in dilatory fashion."); *Henderson,* 779 F.2d at 1424 ("The district court was in the best position to judge whether the seemingly short delay combined with the history of plaintiff's dilatory actions during the year in his court was producing an undue burden on the calendar.").

The dismissal under Fed.R.Civ.P. 41(b) was not an abuse of discretion.

"[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." *Al–Torki,* 78 F.3d at 1386 (internal quotation marks omitted). Thus, Chachoua's claims concerning the district court's interlocutory rulings will not be considered.

Chachoua's claim that "fraud" by one of his series of attorneys below justifies a new trial is construed as an appeal of the district court's denial of his Fed.R.Civ.P. 60 motion for a continuance of his new trial and termination of all prior proceedings

based on affidavits alleging misconduct. Typically, denial of a motion under Fed. R.Civ.P. 60(b) is a final judgment rather than an interlocutory order, because the rule provides relief from a "final judgment, order, or proceeding." Here, however, Chachoua made his motion *before* the district court dismissed his suit with prejudice and disposed of all claims against all parties.

Chachoua's attorney filed the motion on August 24, 2001. The district court denied the motion on August 27, 2001. The denial did not resolve all claims against all parties, however. Chachoua's new trial on his contract breach claims would not occur until November 13, 2001. All claims against all parties in Chachoua's suit were not resolved until the district court dismissed Chachoua's suit with prejudice when he failed to appear on November 13, 2001.

Thus, the district court's denial of his motion was interlocutory and review of the denial is precluded under *Al–Torki. See Ashker v. Cal. Dep't of Corr.*, 350 F.3d 917, 920 n. 1 (9th Cir.2003) (describing a "final judgment" as "one disposing of *all* claims against all parties" and stating if a final judgment has not been entered, an order granting an injunction remains interlocutory).

The district court's judgment is AFFIRMED.

---

* The Honorable Jeffrey S. White, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.