**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALIK JONES, | No. 10-15106 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00251-DAE-KSC |
| v. | |
| D. VANDERVILLE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
David A. Ezra, District Judge, Presiding

Submitted April 20, 2011[**]

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

California state prisoner Malik Jones appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action under Federal Rule of Civil

Procedure 41(b).  We have jurisdiction under 28 U.S.C. § 1291.  We review for an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). We vacate and remand.

Because the district court did not make explicit findings concerning the five factors relevant to dismissal under Rule 41(b), we "review the record independently to determine if the district court has abused its discretion." *Id*. at 1260-61 (describing relevant factors).

The district court dismissed the action fewer than three weeks after the amended complaint was due, while Jones awaited a ruling on his objections to the magistrate judge's orders. It did not consider any less drastic alternatives to dismissal with prejudice, such as granting Jones additional time to file his amended complaint, as he had requested. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (granting leave to amend and warning of dismissal for failure to comply did not constitute consideration of less drastic alternatives). Moreover, there was no prejudice to defendants, who had not yet been served. Under these circumstances, the relevant factors did not warrant dismissal of Jones's action. *See Ferdik*, 963 F.2d at 1260-62 (dismissal with prejudice under Rule 41(b) "is a harsh penalty and . . . should only be imposed in extreme circumstances"); *cf. Pagtalunan*, 291 F.3d at 642-43 (affirming Rule 41(b) dismissal where delay was almost four months and unreasonably prejudiced defendants).

10-15106

Accordingly, we vacate and remand for further proceedings.

Jones shall bear his own costs on appeal.

**VACATED and REMANDED.**