**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL LENOIR SMITH, | No. 11-15442 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-01547-SRB |
| v. | |
| ARNOLD SCHWARZENEGGAR, Governor; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Susan R. Bolton, District Judge, Presiding[**]

Submitted May 15, 2012[***]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

California state prisoner Michael Lenoir Smith appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action without prejudice

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for failure to comply with a court order.  We review for an abuse of discretion, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and we reverse and remand.

The district court dismissed for failure to comply with its order requiring Smith to return within thirty days the Notice of Submission of Documents and the documents necessary for service of the summons and complaint.  However, Smith's motion to stay proceedings shows that Smith was unable to file these documents within the time limit for reasons beyond his control, and that he attempted to alert the court to his situation at least twice prior to dismissal.  Because the district court failed to consider the reasons for Smith's delay or explore less harsh alternatives before dismissing, we reverse and remand for further proceedings.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 & n.4 (9th Cir. 2002) (listing factors to consider before dismissing for failure to comply with a court order and explaining that less drastic alternatives must be pursued after disobedience); *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) (reversing dismissal where the case did not "present the egregious circumstances, or the court's use of less drastic measures prior to dismissal").

**REVERSED and REMANDED.**