FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLORIA M. WALKER,

                Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant - Appellee.

No. 11-17814

D.C. No. 1:10-cv-01894-LJO-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

    Gloria M. Walker appeals pro se from the district court's judgment

dismissing her action seeking review of the Commissioner of Social Security's

denial of benefits for failure to comply with court orders.  We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review for an abuse of discretion. *Pagtalunan v. Galaza*, 291 F.3d 639, 640-41 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by dismissing the action for failure to comply with court orders, including an order to show cause issued by the magistrate judge as to why Walker's case should not be recommended for dismissal for failure to file an opening brief. *See id.* at 642-43 (discussing factors relevant to dismissal for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (explaining that, although dismissal is a harsh penalty, the district court's dismissal should not be disturbed unless there is a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" (citations and internal quotation marks omitted)).

In light of our conclusion, we do not consider Walker's contentions concerning the merits of her case.

Contrary to Walker's contention, her consent to proceed before the magistrate judge was not required because the magistrate judge did not enter dispositive orders, and the district court judge conducted de novo review. *See* 28 U.S.C. § 636(b)(1); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (discussing scope of magistrate judge's authority under

11-17814

§ 636(b)(1)(B)).

**AFFIRMED.**