David P. **PAGTALUNAN**, Petitioner–
Appellant,

v.

George **GALAZA**, Warden; Thomas
Maddock, Acting Director, California
Department of Corrections, Respon-
dents–Appellees.

No. 00–56697.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Filed May 23, 2002.

Verna Wefald, Pasadena, CA, for the petitioner-appellant.

Ana R. Duarte, Deputy Attorney General, Los Angeles, CA, for the respondents-appellees.

Before SCHROEDER, Chief Judge, TROTT and RAWLINSON, Circuit Judges.

## OPINION

RAWLINSON, Circuit Judge.

Petitioner, David Pagtalunan ("Pagtalunan") appeals from the district court's second dismissal with prejudice of his habeas corpus petition. Pagtalunan asserts that the court abused its discretion on remand when it found that his objections to the magistrate judge's Report and Recommendation offered no reasonable excuse for Pagtalunan's delay. Based on its finding of inexcusable delay, the court dismissed Pagtalunan's petition for failure to prosecute and for failure to comply with a court order. After balancing the relevant factors, we hold that the district court did not abuse its discretion when it dismissed Pagtalunan's habeas petition with prejudice.

*STANDARD OF REVIEW*

We review for an abuse of discretion a district court's dismissal for failure to comply with an order requiring submission of pleadings within a designated time. *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992). The trial court's dismissal will only be disturbed if there is "a definite and firm conviction that the court below committed a clear error of judgment in the

conclusion it reached upon a weighing of the relevant factors." *Id.* (citations omitted). If the magistrate judge did not engage in the preferred practice of explicitly addressing the relevant factors when contemplating dismissal, we may "review the record independently" to determine if the district court abused its discretion. *Ferdik,* 963 F.2d at 1261.

## BACKGROUND

Pagtalunan, a state prisoner proceeding pro se, filed his original petition for writ of habeas corpus on December 28, 1998. On February 10, 1999, the magistrate judge filed a Memorandum and Order ("M & O") summarily dismissing[1] the Petition without prejudice and with leave to amend, because the Petition was not submitted on the Court's approved form, improper respondents were named, and stale information was included in the request to proceed in forma pauperis. Pagtalunan was given until March 5, 1999, to file a first amended petition in compliance with the M & O and either to complete a Declaration in Support of Request to Proceed *In Forma Pauperis* or pay the $5.00 filing fee. The court explicitly warned Pagtalunan that failure to timely file a first amended petition would be "construed as either his consent to dismissal of the action for failure to prosecute or the disobedience [of] a Court Order warranting the dismissal of the action with prejudice pursuant to Fed. R.Civ.P. 41(b)."

Pagtalunan failed to file a first amended petition. On May 21, 1999, the Clerk filed the Notice of Filing of Magistrate Judge's Report and Recommendation and the Lodging of Proposed Judgment and/or Order, which was served on the parties, to-

gether with a copy of the Report and Recommendation ("R & R"). The R & R recommended dismissing the action with prejudice for want of prosecution and Pagtalunan's related failure to comply with a court order. The notice advised that the parties had until June 14, 1999 to file and serve any objections to the R & R.

On June 16, 1999, two days past the deadline set by the Court, Pagtalunan filed his Objections, including his Request to File First Amended Petition. Without considering Pagtalunan's objections, on July 2, 1999, the magistrate judge issued his Final Report and Recommendation dismissing the action with prejudice. That same day, the district court issued its Order Approving and Adopting the Reports and Recommendations of the United States Magistrate Judge and entered Judgment dismissing the action with prejudice.

On July 21, 1999, Pagtalunan filed his Notice of Appeal. On August 10, 1999, the district court issued a Memorandum and Order issuing a certificate of appealability.

In a Memorandum Disposition filed July 7, 2000, we reversed and remanded for further proceedings. *Pagtalunan v. Galaza,* 229 F.3d 1158 (9th Cir.2000). We held that the district court abused its discretion when it dismissed Pagtalunan's petition without considering Pagtalunan's two-day late objections. *Id.* We went on to state: "We express no opinion on how the district court should rule once it reviews Pagtalunan's excuse for his delay of over four months from the date that his original petition was dismissed (February 10, 1999), to the date that he finally filed his papers with the court." *Id.*

---

1. Rule 4 of 28 U.S.C. § 2254 provides: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

On remand, the magistrate judge issued his Second Final Report and Recommendation dismissing the action with prejudice. The magistrate judge found that Pagtalunan's delays were unreasonable because Pagtalunan failed to provide "any discussion of what actions, if any, [he] took before the Court issued its R & R, or any explanation of why he failed to request additional time to respond to the M & O or otherwise communicate with the court." The magistrate judge also noted Pagtalunan's failure to develop any facts regarding his actions between February 10, 1999 (date of the Memorandum and Order) and May 21, 1999 (date of the Report and Recommendation) to support his argument of reasonable delay in finding counsel.

On August 21, 2000, the district court issued its Order Approving and Adopting Reports and Recommendation of United States Magistrate Judge. Judgment was entered on August 22, 2000, dismissing Pagtalunan's action with prejudice. Pagtalunan timely filed his Notice of Appeal on September 20, 2000. On October 4, 2000, the district court issued a Certificate of Appealability.

*DISCUSSION*

■ In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Ferdik*, 963 F.2d at 1260–61.

**1. Public's interest in expeditious resolution of litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999). Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.

**2. Court's need to manage its docket**

The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. *Id.* Arguably, Pagtalunan's petition has consumed some of the court's time that could have been devoted to other cases on the docket. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as Pagtalunan. *Ferdik*, 963 F.2d at 1261. Accordingly, this factor also weighs in favor of dismissal.

**3. Risk of prejudice to defendants/respondents**

■ To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case. *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir.1987). To date, the government has not been ordered to respond to Pagtalunan's habeas petition. We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal. *Yourish*, 191 F.3d at 991. "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Id.* (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984)).

■ However, we have also related the risk of prejudice to the plaintiff's reason for defaulting. *Id.* Pagtalunan sought to

excuse his delay based on his purported inability to obtain counsel. Tellingly, a review of the record reveals that the substance of Pagtalunan's motion was already completed. He merely needed to transfer the information from the wrong forms to the correct forms that were provided by the court, and delete "et al." from the caption. Arguably, no attorney was even needed.[2] Additionally, as the magistrate judge pointed out, Pagtalunan offered no clear explanations of what actions he actually took during the relevant time periods. Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. *See Sibron v. New York,* 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Thus, Pagtalunan's delay was unreasonable, and this factor weighs in favor of dismissal. *Yourish,* 191 F.3d at 991–92.

### 4. Availability of less drastic alternatives

Despite the magistrate judge's initial granting of leave to amend coupled with the warning of dismissal for failure to comply; the opportunity to file objections to the R & R;[3] and our *de facto* two-day extension of the deadline to file objections, we are constrained by the holding in *Yourish* to find that the availability of less drastic alternatives was not considered by

the district court. *Yourish,* 191 F.3d at 992 (holding that consideration of less drastic alternatives prior to disobedience of the court order were not sanctions "in response to Plaintiffs' failure to obey a court order" ... because the Plaintiffs "had not yet disobeyed the court's order").[4] In this case, the district court did not consider less drastic alternatives after Pagtalunan failed to comply with the court's order. Consequently, this factor weighs against dismissal.

### 5. Public policy favoring disposition of cases on their merits

Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal. *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir.1998).

### CONCLUSION

Three factors favor dismissal and two factors weigh against dismissal. This is a close case and, under these circumstances, we cannot say that the district court abused its discretion.

AFFIRMED.

TROTT, Circuit Judge Concurring:

I write separately only to assure our Chief Judge that we in the majority are not "preoccupied" with the standard of

---

**2.** In fact, a prisoner has no constitutional right to an attorney during a habeas proceeding. *See Ortiz v. Stewart,* 149 F.3d 923, 932 (1998).

**3.** Where a magistrate judge renders an R & R, the parties have an opportunity to file objections before the district court acts on the R & R. 28 U.S.C. § 636(b)(1) (West 2001). While not technically constituting an "alternative" to dismissal, the submission of objections afforded Pagtalunan another opportunity to challenge the ruling before his petition was dismissed.

**4.** Cases prior to *Yourish* implicitly accepted pursuit of less drastic alternatives prior to

disobedience of the court's order as satisfying this element. *See Ferdik,* 963 F.2d at 1262 (holding that the district court's grant of an additional thirty days to amend the complaint "constituted an attempt at a less drastic sanction" and noting that a warning that failure to obey the court's order would result in dismissal can satisfy the "consideration of alternatives requirement"); *Malone,* 833 F.2d at 132–33 (concluding that the court's earlier declaration of a mistrial and subsequent pretrial order constituted attempts at less drastic alternatives). However, *Yourish* has eroded the persuasive force of these prior opinions.

review that governs the outcome of this appeal. Additionally, we have not "lost sight" of anything, much less our responsibility as judges. We simply see this case differently at a time when the need of the district court in the Central District of California to manage its huge caseload has never been greater. With as many as six vacancies gone unattended by the political branches of our government for far too long, our trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts. Here, Pagtalunan is responsible for inexcusable delay, failure to comply with a court order, and failure to prosecute. In my view, the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges. That factor weighs heavily in this case. Accordingly, and with all respect to our esteemed Chief Judge, I cannot conclude that the district court abused its discretion; and I concur in Judge Rawlinson's opinion.

SCHROEDER, Chief Judge,
Dissenting:

There are times when our preoccupation with a standard of review, abuse of discretion, causes us to lose sight of our responsibility to ensure that the district courts exercise discretion within the proper limits. As the majority recognizes, the dispositive factors to be considered in determining whether to dismiss a plaintiff's case as a sanction for violating a court-imposed deadline are usually prejudice and the availability of less drastic alternatives. *See Yourish v. California Amplifier*, 191 F.3d 983, 991–92 (9th Cir.1999).

Prejudice means prejudice to the defendant, *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir.1983), and since this defendant has not yet been served, it is difficult to see how the plaintiff's delay in this case could have prejudiced this defendant. The district court did not even discuss prejudice or the absence of it. In my view, the district court erred in this regard. The majority's discussion of prejudice does not consider the effect of the delay on the defendant. The majority does recognize that the district court erred (additionally, in my view) in not considering less drastic alternatives to dismissal.

I thus conclude that the district court did not exercise its discretion within appropriate limits because it failed to consider the relevant factors in imposing dismissal as a sanction. Of course, our courts are very busy. The irony is that this case has now been before a half dozen Article III Judges and languished in the federal courts for nearly four years without anyone taking a peek at its merits. We have already reversed and remanded once before. *Pagtalunan v. Galaza*, 229 F.3d 1158 (9th Cir.2000) (unpublished). Little of this lost time and energy would have been necessary had the district court followed, in the first instance, our long line of circuit authority insisting that the district court weigh all the relevant factors before deciding to dismiss a plaintiff's case. *See, e.g., Yourish*, 191 F.3d at 990; *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992); *Thompson v. Housing Authority*, 782 F.2d 829, 831 (9th Cir.1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423–24 (9th Cir.1986); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984); *Mir*, 706 F.2d at 918.

I therefore respectfully dissent.