**Charles MOSLEY, Plaintiff—Appellant,**

v.

**SACRAMENTO COUNTY, et al., Defendants—Appellees.**

No. 02–16144.

D.C. No. CV–98–01985–GEB/DAD.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2003.*

Decided April 4, 2003.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Charles R. Mosley appeals from the district court's grant of summary adjudication of two of his claims and dismissal of the others. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly granted summary adjudication on Mosley's claim that there was no probable cause to search his residence. The affidavit upon which the search warrant was based stated that trace evidence of murder is often found in the murderer's home, and that murderers will keep the tools they used and evidence of their crimes in their residences. That is sufficient to establish probable cause to search Mosley's home. *See United States v. Sayakhom*, 186 F.3d 928, 934 (9th Cir. 1999) (probable cause existed to search residence for evidence of mail fraud where officer stated in affidavit that his experience showed that business operators maintained records in their residences).

The district court also was correct to grant summary adjudication on Mosley's claim under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), that the warrant was based on lies. Mosley did not make the required "substantial showing" of deliberate falsehoods or reckless disregard, instead making unsubstantiated assertions that the officer and the witnesses were not telling the truth. *See Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1295 (9th Cir.1999).

Finally, the district court did not abuse its discretion in dismissing the remaining claims under Federal Rule of Civil Procedure 41(b). Mosley's joint pretrial state-

ment did not comply with the court order, which warned him that dismissal might result if he did not properly set forth the disputed factual issues. Mosley neither explained in detail which facts he disputed nor eliminated issues disposed of by summary adjudication. The dismissal is supported by the public's interest in the expeditious resolution of lawsuits, the court's interest in controlling its own dockets, the risk of prejudice to the defendants, and the court's allowing the parties to file an amended joint pretrial statement. *See Pagtalunan v. Galaza,* 291 F.3d 639, 641–43 (9th Cir.2002) (listing factors). The only factor weighing against dismissal is that favoring disposition of cases on the merits, which alone does not outweigh the four factors favoring dismissal. *See id.* at 643.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.