MEMORANDUM**
Debtor William Eisen seeks review of the bankruptcy court’s decisions to allow a claim filed by a judgment creditor and to disallow a claim of an alleged creditor. The district court did not, however, reach the merits of these rulings, but rather granted the trustee’s motion to dismiss for Eisen’s failure to prosecute, lack of standing, and mootness. We decline Eisen’s invitation to ignore the district court’s order and review the underlying merits of the bankruptcy court’s rulings. Rather, we affirm the district court’s order dismissing Eisen’s appeal.
DISCUSSION
1. Failure to Prosecute
There is no dispute that Eisen did not timely file materials required to perfect his appeal to the district court. Bankruptcy rules specifically provide for dismissal when the appellant fails “to take any step other than the timely filing of a notice of appeal----” Fed. R. Bankr.P. 8001(a). Moreover, factors that we have previously identified as relevant support the district court’s dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.2002) (listing factors), cert. denied, 538 U.S. 909, 123 S.Ct. 1481, 155 L.Ed.2d 230 (2003). “[T]he public’s interest in expeditious resolution of litigation always favors dismissal.” Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.1999). Moreover, “[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.” Pagtalunan, 291 F.3d at 642. There was prejudice to creditors seeking timely resolution of Eisen’s bankruptcy case. Although there may have been less drastic alternatives available to the district court, prior sanctions imposed upon Eisen apparently have not deterred his litigious nature. Finally, public policy always favors disposition of cases on the merits, but this factor alone is not dispositive. See Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1022 (9th Cir.2002).
2. Standing
The trustee argued below that Eisen lacked standing to appeal the bankruptcy court’s rulings. We agree. As we explained in one of Eisen’s earlier appeals, “Eisen, as a debtor, has no standing because ... [the] trustee is the representative of Eisen’s estate.” In re Eisen, 31 F.3d 1447, 1451 n. 2 (9th Cir.1994). We further explained that the “trustee is the representative of the debtor’s estate and has the capacity to sue and be sued.” Id. (citing 11 U.S.C. § 323). “Once appointed a trustee, the debtor’s assets and claims *93 pass to the trastee, making the trustee the proper party in interest, and the only party with standing to appeal the bankruptcy court’s order.” Id. (internal quotation omitted).
3. Mootness
Finally, the trustee argued there are insufficient funds in the estate to cover administrative expenses and therefore Eisen’s appeal is moot. We agree. See In re P.R.T.C., Inc., 177 F.3d 774, 778 n. 2 (9th Cir.1999) (“a debtor cannot challenge a bankruptcy court’s order unless there is likely to be a surplus after bankruptcy”); see also In re Fondiller, 707 F.2d 441, 442 (9th Cir.1983) (“a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate”).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.