Clarence M. WILLIS, Plaintiff—
Appellant,

v.

Christy LOWERY; et al., Defendants—
Appellees.

No. 07–17200.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 26, 2008.

Clarence M. Willis, Las Vegas, NV, pro se.

Christy Lowery, Shasta Lake, CA, pro se.

Frank E. Merideth, Jr., Esq., Amy B. Alderfer, Greenberg Traurig, Santa Monica, CA, Paul R. Neil, Greenberg Traurig LLP, Phoenix, AZ, Jocelyn C. Olander, Berg and Associates, Redding, CA, Michael T. Fogarty, Esq., McDonough Holland & Allen, PC, Sacramento, CA, for Defendants–Appellees.

Before: TASHIMA, SILVERMAN, and CALLAHAN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. Accordingly, defendant Rector's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Clarence M. Willis appeals pro se from the district court's judgment dismissing his diversity action for failure to comply with an order to amend his complaint. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Pagtalunan v. Galaza,* 291 F.3d 639, 640 (9th Cir.2002). We affirm.

The district court did not abuse its discretion by dismissing Willis' action for failure to comply with a court order where the district court described the inadequacies of Willis' complaint, including its failure to allege the basis for subject matter jurisdiction, and warned Willis that failure to file an amended complaint would result in dismissal. *See id.* at 642 (setting forth factors to be weighed in determining whether to dismiss a case for failure to comply with a court order); *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065 (9th Cir.2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal.").

Willis' remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.