**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD L. MANNING, | No. 09-15047 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02553-SMM-LOA |
| v. | |
| CHARLES L. RYAN;* et al., | MEMORANDUM** |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted November 17, 2009***

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

---

    *    Charles L. Ryan is substituted for his predecessor, Dora B. Schriro, as Director of the Arizona Department of Corrections pursuant to Fed. R. App. P. 43(c)(2).

    **    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ***    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LSS/Research

Arizona state prisoner Leonard L. Manning appeals pro se from the district court's judgment dismissing, without prejudice, his 42 U.S.C. § 1983 action alleging various constitutional violations against prison officials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and for abuse of discretion a dismissal for failure to comply with a court order, *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

The district court properly dismissed Manning's due process claim concerning his disciplinary proceedings because he did not sufficiently allege a resulting deprivation of a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (limiting substantive due process protection to conduct that amounts to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court properly dismissed Manning's equal protection claim because he failed to allege facts showing that defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

The district court properly dismissed Manning's deliberate indifference claim because he failed to allege the deprivation of a serious medical need. *See*

*Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (stating that plaintiff must show a "serious medical need" by demonstrating that failure to treat his condition could result in further significant injury or the "unnecessary and wanton infliction of pain") (citations omitted).

The district court properly dismissed the retaliation claims because Manning did not sufficiently allege that any defendant retaliated against him for exercising a specific constitutional right. *See Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003) (explaining that plaintiff must allege that he was retaliated against for exercising a constitutional right and that the retaliatory action did not advance a legitimate penological goal); *see also Taylor v. List*, 880 F.2d 1040, 1045–46 (9th Cir. 1989) (finding conclusory allegations insufficient to establish that any individual prison official acted in retaliation for protected conduct).

The district court properly dismissed the access to the courts claim because Manning failed sufficiently to allege how any individual defendant personally participated in depriving him of any rights. *See id*. at 1045 ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

The district court did not abuse its discretion in dismissing the free exercise of religion claim because Manning failed to comply with the district court's orders

requiring him to serve the remaining defendant with the amended complaint and to show cause why his action should not be dismissed. *See Pagtalunan*, 291 F.3d at 642–43 (discussing factors a court must weigh to determine whether to dismiss a claim for failure to comply with a court order).

Manning's remaining contentions are unpersuasive.

**AFFIRMED.**