

# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID T. LASHGARI and MARJE H. LASHGARI, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> WILLIAM J. BRATTON, LAPD, Chief; et al., <br><br> Defendants - Appellees, <br><br> and <br><br> JOHN ERDERT; et al., <br><br> Defendants. | No. 09-56289 <br><br> D.C. No. 2:04-cv-03322-SJO-OP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted December 14, 2010[**]

Before:     GOODWIN, WALLACE, and THOMAS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

David T. Lashgari and Marje H. Lashgari appeal pro se from the district court's orders dismissing their 42 U.S.C. § 1983 action for failure to prosecute and denying their motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (reconsideration); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-41 (9th Cir. 2002) (failure to prosecute). We affirm.

The district court did not abuse its discretion by dismissing the action for failure to prosecute after it warned the Lashgaris that noncompliance with its order to file an amended complaint could result in dismissal and it granted an extension of time to comply, and the Lashgaris failed to amend their complaint for approximately six months after the deadline for doing so. *See Pagtalunan*, 291 F.3d at 642-43 (discussing factors that district courts must consider before dismissing under Federal Rule of Civil Procedure 41(b))

The district court did not abuse its discretion by denying the motion for reconsideration because the Lashgaris failed to provide a sufficient basis for reconsideration. *See United Nat'l Ins. Co.*, 555 F.3d at 780 (listing bases for reconsideration).

Because we affirm the district court's dismissal under Rule 41(b), we do not consider the Lashgaris' challenges to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996).

The Lashgaris' remaining contentions are unpersuasive.

**AFFIRMED.**