**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD L. VERTIN, | No. 12-15026 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01167-GMS |
| v. | |
| TERRY L. GODDARD, Former Attorney General of the State of Arizona; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Ronald L. Vertin appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations in

connection with the civil forfeiture of his property. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review for an abuse of discretion the district court's dismissal for failure to comply with a court order.  *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002).  We reverse and remand.

The district court issued an order to show cause ("OSC") as to why Vertin's action should not be dismissed for failure to serve defendants in a timely manner.  Before the OSC deadline, Vertin filed service documents that he apparently thought constituted a sufficient response.  However, the district court dismissed for failure to comply with the OSC without analysis, further opportunity to respond, or exploration of less harsh alternatives.  Under these circumstances, we conclude that dismissal was an abuse of discretion.  *See id.* at 642-43 & n.4 (listing factors to consider before dismissing for failure to comply with a court order and explaining that less drastic alternatives must be pursued after disobedience); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) ("Because dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances.").  Accordingly, we reverse and remand for further proceedings consistent with our disposition.

**REVERSED and REMANDED.**