**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL J. CARPENTER,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>STATE OF CALIFORNIA; et al.,<br><br>　　　　Defendants - Appellees. | No. 11-16635<br><br>D.C. No. 2:06-cv-00929-ODW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Otis D. Wright, District Judge, Presiding

Submitted April 16, 2013[**]

Before:　　CANBY, IKUTA, and WATFORD, Circuit Judges.

California state prisoner Daniel J. Carpenter appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to file an

amended complaint. We have jurisdiction under U.S.C. § 1291. We review for an

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion, *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002), and we affirm.

The district court did not abuse its discretion by dismissing Carpenter's action after it provided notice of the inadequacies of Carpenter's complaint, warned him that failure to file an amended complaint would result in dismissal, and gave him ample time to amend. *See id.* at 642 (listing the relevant factors to be considered before dismissal under Fed. R. Civ. P. 41(b)); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum-either by amending the complaint or by indicating to the court that it will not do so-is properly met with the sanction of a Rule 41(b) dismissal.").

Because we affirm the district court's dismissal under Rule 41(b), we do not consider Carpenter's challenges to any interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (noting that "interlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute").

We do not consider arguments raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**