**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ADRIAN MOON,

                Plaintiff - Appellant,

    v.

M. MULLIN; et al.,

                Defendants - Appellees.

No. 12-17059

D.C. No. 2:11-cv-03277-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding[**]

Submitted November 19, 2013[***]

Before:    CANBY, TROTT, and THOMAS, Circuit Judge.

California state prisoner Adrian Moon appeals pro se from the district

court's order denying his motion for an extension of time to file a second amended

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    Moon consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

      [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

complaint and dismissing his 42 U.S.C. § 1983 action for failure to comply with a court order. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (denial of extension of time under Fed. R. Civ. P. 6(b)); *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (dismissal for failure to comply with a court order under Fed. R. Civ. P. 41(b)). We affirm.

The district court did not abuse its discretion by denying Moon's motion for an extension of time and dismissing the action without prejudice because Moon failed to establish good cause for granting an extension, and at least three out of five factors weighed in favor of dismissal for failure to comply with the court's order requiring submission of an amended complaint. *See Ahanchian*, 624 F.3d at 1258-60 (discussing the good cause requirement of Fed. R. Civ. P. 6(b)(1)); *Pagtalunan*, 291 F.3d at 642-43 (addressing the factors for determining whether to dismiss for failure to comply with a court order).

The district court did not abuse its discretion by denying Moon's motion for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (judicial rulings alone almost never constitute a valid basis for a recusal motion based on bias or impartiality).

The district court did not abuse its discretion by denying Moon's motion for

12-17059

reconsideration of its denial of his motion for extension of time and dismissal under Rule 41(b) because Moon failed to establish a basis for granting reconsideration. *See* E.D. Cal. R. 230(j)(3)-(4) (setting forth grounds for reconsideration); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (standard of review).

To the extent that Moon challenges the district court's order dismissing the first amended complaint with leave to amend, we do not consider the matter because we affirm the district court's dismissal under Rule 41(b). *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (noting that "interlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute" under Rule 41(b)).

Moon's contentions concerning written discovery purportedly issued to Magistrate Judge Brennan are unpersuasive and unsupported by the record.

**AFFIRMED.**