**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROBERTO HERRERA, | No. 14-16371 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01565-SKO |
| v. | |
| HUU NGUYEN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted June 22, 2015[***]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

California state prisoner Roberto Herrera appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Herrera consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal for failure to comply with a court order, *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002), and we affirm.

The district court did not abuse its discretion by dismissing Herrera's action without prejudice after Herrera failed to file a legible amended pleading in compliance with the local rules, despite being warned that failure to do so could result in dismissal. *See* E.D. Cal. R. 130(b) (documents filed with the court must be presented legibly); *Pagtalunan*, 291 F.3d at 640, 642-43 (discussing the five factors for determining whether to dismiss a case for failure to comply with a court order and noting that dismissal should not be disturbed absent "a definite and firm conviction" that the district court "committed a clear error of judgment" (citation and internal quotation marks omitted)).

Because we affirm the district court's dismissal for failure to comply with a court order, we do not consider Herrera's challenge to the district court's order dismissing his first amended complaint. *See Al–Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (interlocutory orders cannot be appealed after a dismissal for failure to prosecute, even if the failure is negligent or due to a mistake).

**AFFIRMED.**

14-16371