NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS EDWARD KING, Jr., | No. 16-55905 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02788-CAS-JPR |
| v. | |
| E. VALENZUELA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted February 14, 2017**

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Thomas Edward King, Jr., appeals pro se from the district court's judgment

dismissing for failure to prosecute his 42 U.S.C. § 1983 action alleging federal and

state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an

abuse of discretion.  *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996).  We

_____

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

King failed to challenge the district court's dismissal of his action for failure to prosecute, and has therefore waived any such challenge. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant . . . .").

Even if King had not waived his challenge, the district court did not abuse its discretion in dismissing King's action for failure to prosecute because King failed to file an amended complaint despite receiving an extension of time to do so and being warned of the consequences of failing to file it. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (discussing the five factors for determining whether to dismiss for failure to prosecute).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**