**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOCIETY INSURANCE COMPANY, | No. 16-16812 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01007-NVW |
| v. | |
| DONNA NYSTROM; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted November 16, 2017
Pasadena, California

Before: KOZINSKI and IKUTA, Circuit Judges, and GETTLEMAN,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert W. Gettleman, United States District Judge for
the Northern District of Illinois, sitting by designation.

Fed. R. Civ. P. 22(a)(1) authorizes a stakeholder, such as plaintiff Society Insurance Company ("Society"), to join "[p]ersons with claims that may expose [the stakeholder] to double or multiple liability," and requires such parties to interplead. The primary purpose of interpleader is "for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund," including double liability as well as the cost of litigation. Michelman v. Lincoln Nat'l Life Ins. Co., 685 F.3d 887, 894 (9th Cir. 2012) (internal quotations omitted).

In the instant case, Society's interpleader action was properly filed because there were two or more claimants of diverse citizenship at the time the suit was filed. 28 U.S.C. § 1335(a)(1). After Society deposited the funds, the district court properly dismissed Society with prejudice and enjoined the claimants from instituting any proceedings affecting the funds. See 28 U.S.C. § 2361.

The district court erred in its sua sponte order (Doc. 126) bringing Society back into the case, vacating its original orders, dismissing the action, and ordering the funds returned to Society. That order defeated the purpose of the interpleader and denied Society the protection to which it was entitled. The original interpleader action was not premature because at the time of filing there were multiple claimants with colorable claims to the insurance proceeds, and Society had conceded coverage by depositing the funds. See Michelman, 685 F.3d at 894.

2

That Society is defending its insured in state court under a reservation of rights has no bearing on the propriety of the interpleader.

Nor did the failure of the claimants to resolve their disputes give the court grounds to dismiss the action and return the funds to Society, which had been dismissed with prejudice over a year earlier. A party's failure to prosecute its claim may be grounds for dismissal, Fed. R. Civ. P. 41(b), but that was not the reason given by the court, and it would be an abuse of discretion for the court to vacate its previous dismissal with prejudice of Society based on the claimants' failure to prosecute. See Pagtalunan v. Galaza, 291 F.3d 639, 641-644 (9th Cir. 2002) (Dismissal for want of prosecution or failure to comply with a court order is reviewed for abuse of discretion.).

The district court's order (Doc. 126) is reversed in all respects. Society is directed to redeposit the funds (including interest) that it had received from the court as a result of the district court's order, and the district court is directed to dismiss Society with prejudice and proceed consistent with this order.

REVERSED AND REMANDED