**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY HOWARD, | No. 15-15820 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-01875-RRB |
| v. | |
| M. HARRIS and J. MARTINS, | ORDER[*] |
| Defendants-Appellees, | |
| and | |
| C. LANE; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted May 15, 2018
San Francisco, California

Before: WALLACE and N.R. SMITH, Circuit Judges, and BATTS,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Deborah A. Batts, United States District Judge for the
Southern District of New York, sitting by designation.

Timothy Howard appeals from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation by defendant correctional officers. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss the appeal.

I.

On April 14, 2015, approximately one week after the district court entered summary judgment against him, Howard wrote a letter to the Deputy Attorney General then assigned to the case in which he threatened to kill one or more correctional officers if the case was not resolved to his satisfaction. The letter stated, in part:

> "[I]f this case is not reversed as required, or settled by CDCR [California Department of Corrections and Rehabilitation] as it should, I do intend on killing one or more of CDCR employees once I've made my final peace and allowed the courts and representatives to handle their obligations. . . .

> "Violence is not the only solution, yet it's the only thing these people seem to understand and it's a disgrace to see good men and women who work in prison caught in unnecessary conflict. . . .

> "[C]learly I desire not to harm, injure or kill anyone, but will not avoid it either if it's required. . . ."

Letter dated April 14, 2015, ECF No. 31, Exh. A.

On November 3, 2015, Defendants moved to dismiss the appeal based on the threats of violence Howard expressed in his April 14 letter. Howard opposed the motion and subsequently filed a letter dated January 2, 2018 in which he wrote that

2

he "apologizes to this court for things expressed in violation of the law, and for things not understood as written by means of examples." ECF No. 78, Exh. A at 1.

After oral argument on appeal, we issued an order explaining that "a threatening letter of the type written by Howard is the type of conduct that may constitute 'extreme circumstances' justifying the dismissal sanction." Order filed May 25, 2018 at 3, ECF No. 89. However, we concluded that Howard's January 2 apology letter, if credible, may support a sanction less drastic than dismissal. We ultimately remanded for the district court "to determine the credibility of Howard's letter of apology in the first instance," and retained jurisdiction over the appeal. *Id.* at 4.

On remand, the district court held an evidentiary hearing on the credibility of Howard's apology letter, at which Howard testified. The district court found that although Howard was sorry for writing the April 14 letter because it raised the possibility his appeal might be dismissed, "[Howard] is not sorry he made the threats." District Ct. Findings on Remand, ECF No. 90 at 7. The district court explained that during the hearing, Howard never fully acknowledged making any threat at all, let alone repudiate and apologize for his misconduct. The court concluded "[a]bsent [Howard's] admission that he made threats and absent an understanding of why the letter has not, in fact, been 'blown out of proportion,' the Court cannot conclude that he is sorry for making the threats." *Id.* at 8.

## II.

"Dismissal under a court's inherent powers is justified in extreme circumstances, in response to abusive litigation practices, and to insure the orderly administration of justice[.]" *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (citation omitted); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) ("[O]utright dismissal of a lawsuit . . . is a particularly severe sanction, yet is within the court's discretion."). Before dismissing a case as a sanction, we must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

## III.

We conclude that dismissal is appropriate under the extreme circumstances presented here. Of the five relevant factors, only the fourth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). The other factors favor dismissal, some strongly so.

As to the first two factors, Howard's threats have delayed resolution of this appeal (factor one) and interfered with the court's need to manage its docket

4

(factor two). *See Pagtalunan*, 291 F.3d at 642 ("The public's interest in expeditious resolution of litigation always favors dismissal."). In addition, Howard's threats present a risk of prejudice to the defendants (factor three) because they are intended to coerce the CDCR to settle with him or to take steps to ensure he prevails on appeal. *See Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 353–54 (9th Cir. 1995) ("A defendant suffers prejudice if the plaintiff's actions . . . threaten to interfere with the rightful decision of the case."). Howard's threats cannot easily be dismissed as mere talk—he has a documented history of threatening violence against correctional officers, and in 2009, he stabbed a correctional officer with intent to kill.

Finally, we have considered the availability of less drastic sanctions (factor five), such as a reprimand or contempt, but conclude less severe measures are inappropriate. When we remanded the case, we took seriously the possibility that Howard understood the gravity of his actions and was genuinely remorseful. If in fact Howard were sorry, then a less drastic sanction may have been available. However, the district court, after holding an evidentiary hearing and reviewing the record, determined that Howard's apology was not credible. "We defer to the district court when it makes a credibility determination." *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1188 (9th Cir. 2001). Here, the record supports

the district court's finding that Howard is not genuinely sorry for making the threats. Accordingly, we conclude dismissal is appropriate.

## IV.

Howard argues that dismissal would violate due process because his threats of violence do not threaten to interfere with the rightful decision of the case. We disagree. As the April 14 letter makes clear, and as the district court found on remand, Howard's threats to kill one or more correctional officers were intended to coerce the CDCR into settling the case or taking some other action that would result in a resolution favorable to Howard. This is not a case where the sanctioned conduct relates "only to a peripheral matter not at issue in the suit." *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 806 (9th Cir. 1982). Rather, Howard's threats are aimed specifically at increasing the likelihood the appeal would be resolved in his favor. Therefore, there is a nexus between Howard's conduct and the merits of the case such that imposition of a dismissal sanction does not violate due process. *See Halaco Eng'g Co.*, 843 F.2d at 381.

## V.

Dismissal is a severe sanction. Yet, Howard's conduct—threatening to kill correctional officers if the case was not resolved to his satisfaction—was beyond the pale. Even when given the opportunity to repudiate what he had done, Howard could not bring himself to unequivocally admit to, or apologize for, his actions.

6

Therefore, in light of the seriousness of the misconduct at issue, and for the reasons explained above, we conclude dismissal is the appropriate sanction. Accordingly, we GRANT Defendants' motion to dismiss the appeal.[1]

**APPEAL DISMISSED**.

---

[1] Defendants' motion to provide supplemental evidence is **DENIED** as moot.