**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDY L. HOGE, Jr., | No.   20-35705 |
| Plaintiff-Appellant, | D.C. No. 6:20-cv-00638-JR |
| v. | |
| S. GRIFFITH, A#249, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted December 14, 2021**

Before:     WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Randy L. Hoge, Jr., appeals pro se from the district court's judgment

dismissing with prejudice his civil rights action for failure to comply with a court

order.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

discretion a dismissal under Federal Rule of Civil Procedure 41(b).  *Pagtalunan v.*

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We vacate and remand.

The district court dismissed Hoge's initial complaint, alleging improper opening of Hoge's legal mail outside his presence when he was a pretrial detainee, because Hoge failed to allege from whom the mail was received. *See* 28 U.S.C. § 1915A(b); *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (holding that prisoners and pretrial detainees "have a protected First Amendment interest in having properly marked legal mail opened only in their presence"); *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (legal mail includes correspondence with counsel but not with a court). The district court granted leave to amend so that Hoge could allege from whom the mail was received. Hoge did file a motion to amend in which he explained that the mail was correspondence with attorneys. Because this added information would cure the deficiencies in the complaint, we vacate the judgment and remand for the district court to allow Hoge another opportunity to file a first amended complaint. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (setting forth factors district court must consider in dismissing under Rule 41(b), including the availability of less drastic alternatives).

All pending motions are denied.

**VACATED and REMANDED.**