**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDITHA SALVADOR,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>MERIDIAS CAPITAL, INC.;<br>COUNTRYWIDE HOME LOANS, INC.;<br>BANK OF AMERICA, NA; MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC.; QUALITY LOAN<br>SERVICE CORPORATION; BANK OF<br>NEW YORK MELLON, FKA Bank of New<br>York,<br><br>     Defendants-Appellees. | No. 22-15989<br><br>D.C. No.<br>2:21-cv-01732-APG-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted February 1, 2024[**]

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Editha Salvador appeals the district court's judgment in Salvador's action challenging the foreclosure of her home. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *See Saloojas, Inc. v. Aetna Health of California, Inc.*, 80 F.4th 1011, 1014 (9th Cir. 2023) (failure to state a claim); *Frank v. United Airlines, Inc.*, 216 F.3d 845, 849-50 (9th Cir. 2000) (claim preclusion). We affirm.

The district court properly dismissed without prejudice Salvador's due process claims, because no state actor was named as a defendant. *See* 42 U.S.C. § 1983 (liability for deprivation of constitutional rights by persons acting under color of state law).

The district court properly applied claim preclusion to dismiss defendants Countrywide Home Loans, Inc.; Bank of America, N.A.; Mortgage Electronic Registration Systems, Inc.; Quality Loan Service Corp., and Bank of New York Mellon, because Salvador's claims against these defendants were litigated, or could have been litigated, against these same defendants in state court. *See White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (in determining preclusive effect of state court judgment, federal courts follow state's rules of preclusion); *Mendenhall v. Tassinari,* 403 P.3d 364, 368 (Nev. 2017) (claim preclusion requirements under Nevada state law).

The district court did not abuse its discretion when it dismissed Salvador's claims against Meridias Capital, Inc., because Salvador failed to respond to the

2

district court's order directing her to prosecute the claims. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640-41 (9th Cir. 2002).

**AFFIRMED.**