NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUIFANG ZHANG, on behalf of I.G. and D.G.; TOSHIYUKI TAKAHASHI, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CUSTOMS AND BORDER PROTECTION; KEVIN K. McALEENAN, in his official capacity as Acting Secretary of the US Department of Homeland Security, in his official capacity as Commissioner of US Customs and Border Protection, <br><br> Defendants-Appellees. | No. 22-56191 <br><br> D.C. No. 2:22-cv-05843-RGK-KS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted November 20, 2024[**]

Before:     CANBY, TALLMAN, and CLIFTON, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Huifang Zhang and Toshiyuki Takahashi appeal pro se from the district court's order dismissing for failure to prosecute their Federal Tort Claims Act action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion by dismissing appellants' action after they failed to appear for the scheduling conference and then failed to appear for the subsequent show cause hearing. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (discussing the factors to be considered in determining whether to dismiss for failure to prosecute and stating that this court may independently review the record if the district court has not made explicit findings). We reject as meritless appellants' contentions that the district court violated the Constitution, ethical canons, and local rules by refusing to permit appellants to appear remotely.

Because we affirm the district court's dismissal of appellants' action for failure to prosecute, we do not consider appellants' challenges to the district court's interlocutory orders. *See Al-Torki*, 78 F.3d at 1386 ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal quotation marks omitted)).

The district court properly denied as moot appellants' motions for

22-56191

declaratory relief and for reassignment because the action had already been dismissed. *See Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019) (standard of review).

We reject as unsupported by the record appellants' contention that the district judge was biased against them.

All pending motions are denied.

**AFFIRMED.**