NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW BECKER; LAUREN KUEHNE; ADAM CRISWELL; KRYSTAL CRISWELL; ALFEE DIXON; DONALD FINISTER Sr.; CHRISTOPHER HART; JASON KOVACK; RICKY LORENSIUS; HEATHER MAREK; MICHAEL MARTIN; DAISEY MARTINEAR; GRACE MATEIAK; IAN MATEIAK; JOHN MELOPRIETO; TRAVIS NEUMAN; Doctor ARIEL NEUMAN; MICHELLE PAULINO; JOHN PAULINO; JAMES RAMPONI; LINDSEY RAMPONI; ERIC MCCANDLESS; PAIGE ROE; PAUL ROHRER; ANDREW SICAT; NICOYA SICAT; IAN LAUGHLIN; SHELLY LAUGHLIN; TAMMARA BOYLES; BOBBY BOYLES; LAIN SUPE; PETER BROWN; JEREMY SIERRA; ERICA SIERRA; DARIUS USMAN; KRISTEN ZABAGLO; DAVID WILSON, | No. 24-443<br><br>D.C. No.<br>3:21-cv-05185-JHC<br><br>MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| TIG INSURANCE COMPANY; UNITED SPECIALTY INSURANCE COMPANY, a foreign insurer, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

Submitted June 5, 2025[**]
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Appellants ("Homeowners") appeal the dismissal of their case with prejudice under Federal Rule of Civil Procedure Rule 41(b) and several interlocutory rulings. We affirm the dismissal and do not consider Homeowners' other claims because the dismissal was proper, foreclosing review of interlocutory rulings.

A dismissal under Rule 41(b) is reviewed for abuse of discretion. *Al-Torki v. Kaempen,* 78 F.3d 1381, 1384 (9th Cir.1996). "The trial court's dismissal will only be disturbed if there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Pagtalunan v. Galaza,* 291 F.3d 639, 640-41 (9th Cir. 2002) (internal quotation marks omitted).

This court weighs five factors to decide whether dismissal for failure to

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

24-443

prosecute or comply with a court order is proper. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). They are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* There must be "unreasonable delay" before dismissal is proper. *In re Eisen,* 31 F.3d 1447, 1451 (9th Cir.1994). "A reviewing court will give deference to the district court to decide what is unreasonable because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Id.* (internal quotation marks omitted).

The district court did not abuse its discretion by dismissing Homeowners' action. The district judge made detailed findings regarding each factor. Because the facts are familiar to the parties, we reference them only as they are relevant to the decision.

The first factor—the public's interest in expeditious resolution of litigation—strongly favored dismissal. Homeowners exhibited a pattern of noncompliance with deadlines. Failure to comply with the court's orders or the Federal Rules of Civil Procedure provides grounds for dismissal under Rule 41(b). Fed. R. Civ. P. 41(b). Homeowners argue that they missed these deadlines in good faith, but a showing of bad faith is not required under the court's inherent power to dismiss for lack of

prosecution under Rule 41(b). *See Henderson v. Duncan,* 779 F.2d 1421, 1425 (9th Cir. 1986).

The second factor—the district court's need to manage its docket—also strongly favored dismissal. Plaintiffs' repeated failures to meet deadlines undermined efficient management of the district court's docket. *See Pagtalunan*, 291 F.3d at 642.

The third factor—the risk of prejudice to Appellee TIG Insurance Company ("TIG")—also strongly favored dismissal. TIG suffered prejudice because Homeowners interfered with TIG's trial preparation and prevented TIG from going to trial at the scheduled date. *See In re PPA Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.").

The fourth factor—resolution of cases on their merits—always weighs against dismissal. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).

The fifth factor—the availability of less drastic sanctions—also favored dismissal. The district court considered less drastic sanctions but determined that granting Homeowners a continuance would undercut the court's three prior orders denying Homeowners' motions to continue the trial date for lack of good cause. We affirm the dismissal because four factors support dismissal, with three strongly

supporting it. *Hernandez*, 138 F.3d at 399.

Homeowners also challenge several interlocutory orders by the district court, but "interlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." *Al-Torki*, 78 F.3d at 1386 (internal quotation marks omitted). Thus, Homeowners' remaining claims concerning the district court's interlocutory rulings will not be considered.

**AFFIRMED**.