**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL R. LOVE, | No. 12-16381 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-02304-BAM |
| v. | |
| JAMES A. YATES, Warden, Warden at PVSP; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding[**]

Submitted November 19, 2013[***]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

California state prisoner Carl R. Love appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants violated

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Love consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with a court order. *Pagtalunan v. Galaza*, 291 F.3d 639, 640-41 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by dismissing the action for failure to comply with the court's March 6, 2012 order, which required Love to provide information sufficient for the United States Marshal to identify the sole remaining defendant Doe Two. *See id.* at 642-43 (discussing factors relevant to dismissal for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (explaining that, although dismissal is a harsh penalty, the district court's dismissal should not be disturbed unless there is a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" (citations and internal quotation marks omitted)).

In light of our conclusion, we do not consider Love's contentions concerning the merits of his case.

**AFFIRMED.**