**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD CHARLES JOHNSON, | No. 13-15367 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-00567-FRZ |
| v. | |
| LEANNE HARTER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Arizona state prisoner Edward Charles Johnson appeals pro se from the

district court's judgment dismissing for failure to comply with a court order his 42

U.S.C. § 1983 action alleging a violation of his Eighth Amendment rights. We

have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). We reverse and remand.

The district court dismissed Johnson's action with prejudice after Johnson failed to comply with a court order directing him to include in his amended complaint a description of his previous lawsuits, including the parties, court, case number, and result. Johnson, however, provided in a supplement to his amended complaint and in his motion to reconsider sufficient case information for the court to review his previous lawsuits. Moreover, less drastic alternative sanctions would be appropriate in this case. Thus, fewer than three out of five factors weighed in favor of dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (discussing factors for dismissal under Fed. R. Civ. P. 41(b) and affirming dismissal where three out of five factors supported it); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) ("Because dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances."). Accordingly, we reverse and remand for further proceedings.

**REVERSED and REMANDED.**