**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHANNON LEWIS AVERY, Sr., | No. 13-16343 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-01175-LJO-GSA |
| v. | |
| G. GONZALES; J. AMAYA, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Former California state prisoner Shannon Lewis Avery, Sr., appeals pro se

from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

First and Eighth Amendment violations.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review for an abuse of discretion a dismissal for failure to prosecute or

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failure to comply with a court order. *Pagtalunan v. Galaza*, 291 F.3d 639, 640-41 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion in dismissing Avery's action because Avery failed to prosecute the action and failed to comply with the court's order to respond to defendants' written discovery. *See id.* at 642-43 (discussing five factors relevant to decide whether to dismiss for failure to prosecute or to comply with a court order).

The district court did not abuse its discretion in denying Avery's motion for appointment of counsel because Avery failed to demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and explaining "exceptional circumstances" requirement).

The district court did not abuse its discretion in denying Avery's motion to transfer venue. *See* 28 U.S.C. § 1404(a) (providing for transfer to a district where an action might have been brought); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (setting forth standard of review); *see also* 28 U.S.C. § 1391(b) (listing grounds for venue).

**AFFIRMED.**