FILED

DEC 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAVIS RAY THOMPSON, | No. 13-17034 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00572-AWI-BAM |
| v. | |
| ALVAREZ; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

California state prisoner Travis Ray Thompson appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations occurring at three different prisons against numerous

prison officials and staff over a seven-year period. We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review for an abuse of discretion a district court's dismissal for failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion in dismissing Thompson's action because, despite its warnings, Thompson repeatedly failed to comply with the district court's orders to comply with the pleading and joinder requirements under Federal Rules of Civil Procedure 8, 18, and 20. *See id.* at 642 (discussing the five factors for determining whether to dismiss a case for failure to comply with a court order).

The district court did not abuse its discretion in denying Thompson's motion for appointment of counsel because Thompson did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the standard of review and explaining exceptional circumstances requirement).

The district court did not abuse its discretion in denying Thompson's motion for preliminary injunction to transfer him into federal custody because the district court lacked authority to issue an injunction directed at a non-party. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (concluding that it was error to enter an injunction against a non-party); *Alliance for the Wild*

*Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (setting forth standard of review).  Thompson did not demonstrate that the limited exception to this rule, which allows injunctions to bind non-parties who are "in active concert or participation" with the parties, applied.  *See* Fed. R. Civ. P. 65(d)(2)(C).

In light of our conclusion regarding the district court's dismissal for failure to comply with court orders, we do not consider Thompson's contentions concerning the merits of his case.

We reject Thompson's arguments relating to judicial bias.

Thompson's motion to add newly discovered evidence to the record on appeal, filed on December 4, 2013, is denied.

**AFFIRMED**.

13-17034