NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN MARRERO,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>J. ZARAGOZA, S.I.S.; et al.,<br><br>       Defendants - Appellees. | No. 13-17433<br><br>D.C. No. 1:10-cv-00509-LJO-GSA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 9, 2014[**]

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

Federal prisoner Edwin Marrero appeals pro se from the district court's

judgment dismissing his action brought under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for failure to comply

with a court order.   We have jurisdiction under 28 U.S.C. § 1291.   We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by dismissing the action without prejudice because at least three out of five factors weighed in favor of dismissal for failure to comply with the court's order requiring submission of an amended complaint or notice of Marrero's willingness to proceed on the one claim found cognizable by the court. *See id.* at 642-43 (discussing the five factors for determining whether to dismiss for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed unless there is a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" (citations and internal quotation marks omitted)).

We reject Marrero's contention concerning any alleged violation of the prison mailbox rule.

**AFFIRMED.**