**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELONZA JESSE TYLER, | No. 14-15480 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02222-ODW |
| v. | |
| MIKE KNOWLES; LORI JOHNSON, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Otis D. Wright II, District Judge, Presiding[**]

Submitted February 17, 2015[***]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Elonza Jesse Tyler, a California state prisoner, appeals pro se from the

district court's judgment dismissing his action for failure to comply with a court

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Otis D. Wright II, United States District Judge for the Central District of California, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order and from the district court's pre-filing order declaring him a vexatious litigant and ordering him to provide security. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007) (per curiam) (vexatious litigant pre-filing order); *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (dismissal for failure to comply with a court order). We affirm.

The district court did not abuse its discretion by entering a pre-filing order against Tyler after providing him notice and an opportunity to be heard, developing an adequate record for review, making substantive findings regarding his frivolous litigation history, and tailoring the restriction narrowly. *See Molski*, 500 F.3d at 1057-61 (discussing factors for imposing pre-filing restrictions).

The district court did not abuse its discretion by requiring Tyler to post a security after declaring him a vexatious litigant and finding that he did not have a reasonable probability of prevailing on the merits. *See* E.D. Cal. R. 151(b) (adopting the provisions of the California Code of Civil Procedure relating to ordering vexatious litigants to post a security); *Simulnet E. Associates v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) (setting forth the standard of review); *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 (9th Cir. 1976) ("Rule 83 of the Federal Rules of Civil Procedure allows the district court to

formulate local rules to the extent they are not inconsistent with the federal rules."); *Golin v. Allenby*, 118 Cal. Rptr. 3d 762, 781 (2010) (imposition of a security upon a vexatious litigant will be upheld if there is substantial evidence to support the court's determination that the plaintiff does not have a reasonable probability of prevailing in the action).

The district court did not abuse its discretion in dismissing Tyler's action because Tyler failed to comply with the court's November 13, 2012 order to post a security despite being afforded significant time to do so. *See Pagtalunan*, 291 F.3d at 642 (discussing the factors for determining whether to dismiss for failure to comply with a court order).

**AFFIRMED.**