**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BENJAMIN PHILIP CANNON,<br><br>              Plaintiff - Appellant,<br><br>v.<br><br>CITY OF PETALUMA; et al.,<br><br>              Defendants - Appellees. | No. 13-16609<br><br>D.C. No. 3:11-cv-00651-JST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Benjamin Philip Cannon appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising

out of traffic stops and a subsequent search warrant. We have jurisdiction under 28

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument, and denies Cannon's request for oral argument, set forth in his opening brief. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with a court order, *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002), and we affirm.

The district court did not abuse its discretion by dismissing Cannon's action with prejudice because, despite multiple opportunities, Cannon repeatedly failed to comply with the district court orders instructing him to omit allegations and claims related to issues that had previously been dismissed with prejudice. *See Pagtalunan*, 291 F.3d at 642-43 (discussing the five factors for determining whether to dismiss for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)).

Because we affirm the district court's dismissal of Cannon's action for failure to comply with court orders, we do not consider Cannon's challenges to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after a final judgment, are not appealable after a dismissal for failure to prosecute, whether the

13-16609

failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal question marks omitted)).

**AFFIRMED.**