Robert P. SMITH, III, Plaintiff–Appellant,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., Defendants–Appellees,

and

Cheryl Schutt, SRN–III; et al., Defendants.

No. 12–17619.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed Aug. 3, 2015.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Robert P. Smith, III, pro se.

Brendan Maguire Kenny, Esquire, Deputy Attorney General, Office of the California Attorney General, Adrian Shin, California Department of Justice, San Francisco, CA, for Defendants.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

## MEMORANDUM **

California state prisoner Robert P. Smith, III, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismiss-

---

** This disposition is not appropriate for publication and is not precedent except as provid-

al for failure to comply with a court order, *Pagtalunan v. Galaza,* 291 F.3d 639, 640 (9th Cir.2002), and we affirm.

The district court did not abuse its discretion by dismissing Smith's action because, despite multiple warnings, Smith failed to comply with the district court's orders instructing him to file an amended complaint. *See Pagtalunan,* 291 F.3d at 642–43 (discussing the five factors for determining whether to dismiss under Fed. R.Civ.P. 41(b) for failure to comply with a court order); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)).

Because we affirm the district court's dismissal of Smith's action for failure to comply with court orders, we do not consider Smith's challenges to the district court's interlocutory orders. *See Al–Torki v. Kaempen,* 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after a final judgment, are not appealable after dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal question marks omitted)).

Smith's request to strike the appellees' supplemental excerpts of record, filed on January 24, 2014, is denied.

**AFFIRMED.**