**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL ERNEST ALONSO-PRIETO, | No. 14-17557 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00024-MJS |
| v. | |
| B. PIERCE, Kern County Sheriff Deputy, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding[**]

Submitted January 20, 2016[***]

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Raul Ernest Alonso-Prieto, a former federal prisoner, appeals pro se from the

district court's judgment dismissing his action under 42 U.S.C. § 1983 and *Bivens*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to prosecute, *Al–Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996), and we affirm.

The district court did not abuse its discretion by dismissing with prejudice Alonso-Prieto's action for failure to prosecute in light of Alonso-Prieto's failure to file a pretrial statement, even after the district court warned him that his action would be dismissed with prejudice if he did not file a pretrial statement. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (discussing the five factors for determining whether to dismiss for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)). Alonso-Prieto's contention that he failed to prosecute because he is blind is unsupported by the record.

Because we affirm the district court's dismissal of Alonso-Prieto's action for failure to prosecute, we do not consider Alonso-Prieto's challenges to the district court's interlocutory orders. *See Al–Torki*, 78 F.3d at 1386 ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a

14-17557

dismissal for failure to prosecute[.]").

**AFFIRMED.**