**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD JACOB BOYD, | No. 14-35441 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00564-CL |
| v. | |
| D. SCHMIDT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted January 20, 2016[**]

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Oregon state prisoner Leonard Jacob Boyd appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various federal and state law violations arising out of his arrest and detention. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to comply with a court order, *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002), and we affirm.

The district court did not abuse its discretion by dismissing Boyd's action because Boyd failed to comply with the district court orders instructing him to respond to defendants' interrogatories. *See id.* at 642-43 (discussing the five factors for determining whether to dismiss under Fed. R. Civ. P. 41(b) for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)).

Because we affirm the district court's dismissal of Boyd's action for failure to comply with court orders, we do not consider Boyd's challenges to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after a final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal question marks omitted)).

**AFFIRMED.**