NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LENNIE WILLIAMS, | No. 17-55183 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-07625-JVS |
| v. | |
| COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC SOCIAL SERVICES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted December 18, 2017**

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Lennie Williams appeals pro se from the district court's judgment

dismissing her action alleging federal and state law claims arising from her

employment. We have jurisdiction under 28 U.S.C. § 1291. We review for an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

abuse of discretion a dismissal for failure to comply with Fed. R. Civ. P. 8.

*McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion in dismissing Williams's action for failure to comply with Rule 8(a)(2) because the allegations in the second amended complaint were vague, confusing and failed to make connections between specific allegations and individual defendants. *See* Fed. R. Civ. P. 8(a)(2) (pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry*, 84 F.3d at 1179-80 (affirming dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges").

The district court did not abuse its discretion in dismissing Williams's second amended complaint without further leave to amend—and with prejudice as to defendants Philip Browning, Jon Minato, and Dennis Veals—because Williams failed to comply with the district court's orders instructing her to file an amended complaint comporting with Rule 8 after providing Williams with two opportunities to amend. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (discussing the five factors for determining whether to dismiss under Fed. R. Civ. P. 41(b) for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d

2

1258, 1260 (9th Cir. 1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citations and internal quotation marks omitted)).

**AFFIRMED.**