**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEOFFREY FITZGERALD WILSON, | No. 18-55243 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-08092-JVS-JC |
| v. | |
| TANNAZ H. AZINKHAN, Ph.D.; SHARPER FUTURE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted September 12, 2018[**]

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Geoffrey Fitzgerald Wilson appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from a group therapy session, which was a condition of Wilson's parole. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (dismissal for failure to comply with a court order); *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996) (dismissal for failure to prosecute). We affirm.

The district court did not abuse its discretion by dismissing Wilson's action after Wilson failed to comply with court orders or meet deadlines, despite being warned that failure to comply would result in dismissal. *See Al-Torki*, 78 F.3d at 1384-85 (discussing factors to be considered before dismissing a case for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citations and internal quotation marks omitted)).

Because we affirm the district court's dismissal of Wilson's action for failure to prosecute, we do not consider his challenge to the district court's order dismissing his First Amended Complaint. *See Al-Torki*, 78 F.3d at 1386 ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal quotation marks omitted)).

**AFFIRMED.**

18-55243