**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENT GLEN WILLIAMS, | No. 18-35587 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00223-DCN |
| v. | |
| BROOKS, Guard; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted May 21, 2019**

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Idaho state prisoner Kent Glen Williams appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging First Amendment claims

arising from his pretrial detention at Ada County Jail.  We have jurisdiction under

28 U.S.C. § 1291.  We review for an abuse of discretion.  *Pagtalunan v. Galaza*,

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

291 F.3d 639, 640 (9th Cir. 2002) (dismissal for failure to comply with a court order); *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1052 (9th Cir. 1998) (dismissal under Federal Rule of Civil Procedure 37).  We affirm.

The district court did not abuse its discretion by dismissing Williams's action as a discovery sanction because Williams was warned that if he chose not to undergo the prison's required medical screening, thereby impeding his in-person deposition, the action would be dismissed, and Williams nevertheless refused to undergo the required medical screening without providing any explanation for his refusal.  *See Valley Eng'rs Inc.*, 158 F.3d at 1056-57 (discussing factors to be considered before dismissing under Rule 37(b)).

The district court did not abuse its discretion by denying Williams's motion to amend the complaint because Williams failed to establish "good cause."  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (setting forth standard of review and explaining that a plaintiff seeking amendment after the deadline set forth in the scheduling order must demonstrate good cause).

We reject as without merit Williams's contention that the district court erred by failing to accept his proposed amended complaint as a new complaint.

**AFFIRMED.**

18-35587