**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: WILLIAM ROBERT NORRIE, | No. 18-55551 |
| Debtor. | D.C. No. 2:17-cv-08725-AB |
| _____ | |
| WILLIAM ROBERT NORRIE, | MEMORANDUM* |
| Appellant, | |
| v. | |
| KELLY MALLEN; et al., | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted July 15, 2019**

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Chapter 7 debtor William Robert Norrie appeals pro se from the district

court's order dismissing his bankruptcy appeal for failure to comply with court

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

orders and failure to prosecute. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review for an abuse of discretion. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by dismissing Norrie's appeal after Norrie failed to file the documents required by Federal Rule of Bankruptcy Procedure 8009, despite the district court's warning that noncompliance may result in dismissal. *See id.* at 640-43 (discussing factors to be considered before dismissing a case for failure to comply with a court order; a district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error or judgment" (citations and internal quotation marks omitted); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (this court may review the record independently if the district court does not make explicit findings to show its consideration of the factors).

The district court did not abuse its discretion by denying Norrie's motion for reconsideration because Norrie failed to demonstrate any basis for relief. *See* Fed. R. Bankr. P. 9023, 9024 (making Fed. R. Civ. P. 59 and 60 applicable to bankruptcy cases); *Sch. Distr. No. 1J, Multnomah Cty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 59 or 60).

Norrie's request for judicial notice, included at Docket Entry No. 5, is

denied as unnecessary.

**AFFIRMED.**