**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>            Plaintiff-Appellant,<br><br> and<br><br>H-FIN CAPITAL ADVISORS, INC.;<br>UNITED STATES DEPARTMENT OF<br>JUSTICE,<br><br>            Plaintiffs,<br><br>   v.<br><br>TIMOTHY G. O'CONNOR; et al.,<br><br>            Defendants-Appellees. | No. 19-55954<br><br>D.C. No. 3:18-cv-02824-BAS-AGS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted July 14, 2020**

Before:      CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gavin B. Davis appeals pro se from the district court's order dismissing claims against defendant O'Connor in Davis's 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Davis's claims against O'Connor because O'Connor is entitled to prosecutorial immunity. *See Garmon v. County of Los Angeles*, 828 F.3d 837, 842-43 (9th Cir. 2016) (explaining the application of absolute prosecutorial immunity); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (a party's conclusory allegations, unwarranted deductions of fact, or unreasonable inferences need not be accepted as true).

The district court did not abuse its discretion by dismissing Davis's first amended complaint ("FAC") under Federal Rule of Civil Procedure 41(b) because the FAC contravened the district court's prior order not to add new frivolous or duplicative claims. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640, 642-43 (9th Cir. 2002) (setting forth standard of review and factors to consider in determining whether to dismiss under Rule 41(b) for failure to comply with a court order).

The district court did not abuse its discretion by reassigning the action to Judge Bashant under the "low-number rule," or by denying Davis's motions for reassignment and disqualification because Davis failed to demonstrate any basis

for such relief.  *See* S.D. Cal. Civ. R. 40.1(e); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) ("Broad deference is given to a district court's interpretation of its local rules."); *see also* 28 U.S.C. § 144 (requirements for recusal), § 455 (circumstances requiring disqualification); *United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (standard of review; under § 144 and § 455, the substantive standard for recusal is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned" (citation and internal quotation marks omitted)).

We reject as without merit Davis's contention that the district court violated his due process rights by failing to engage with his arguments or erred by failing to assist with service of process on defendant Unruh.

We do not consider arguments incorporated by reference into the briefs.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (this court reviews only issues argued specifically in a party's opening brief).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Davis's motion for an extension of time to file the reply brief (Docket Entry No. 42) is denied as unnecessary.  The reply brief has been filed.

19-55954

All other pending motions and requests are denied.

**AFFIRMED.**