NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS LAWRENCE GOFF, | No. 19-17494 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00937-AWI-EPG |
| v. | |
| GAMEZ, Sergeant at Mountain Home Conservation Camp #10, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| HARRIS, Correctional Officer; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted April 20, 2021**

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Former California state prisoner Thomas Lawrence Goff appeals pro se from

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force and failure to protect. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to prosecute. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion by dismissing Goff's action for failure to prosecute after Goff failed to appear for a pretrial scheduling hearing and failed to respond to an order to show cause, despite being warned that failure to comply with the court's orders would result in dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (discussing factors to be considered before dismissing a case for failure to prosecute; a district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citations and internal quotation marks omitted)).

Because we affirm the district court's dismissal of Goff's action for failure to prosecute, we do not consider his arguments challenging the district court's interlocutory orders regarding appointment of counsel. *See Al-Torki*, 78 F.3d at 1386 ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal quotation marks omitted)).

19-17494

We lack jurisdiction to consider the district court's denial of Goff's post-judgment motion for relief because Goff failed to amend his notice of appeal or file a new notice of appeal after the motion was denied. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007); *see also* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of the judgment or order appealed from); Fed. R. App. P. 4(a)(4)(B)(ii).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**