NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAYLA DUKE; DAVID DUKE, | No. 20-35155 |
| Plaintiffs-Appellants, | D.C. No. 6:17-cv-00770-MK |
| v. | |
| CLYDE SAIKI, in his personal and official capacity as former Director of Department of Human Services, State of Oregon; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| DEPARTMENT OF HUMAN SERVICES; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Shayla Duke appeals pro se from the district court's judgment dismissing the Dukes' action alleging federal claims arising out of the reduction or termination of government benefits. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with a court order. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by dismissing the Dukes' action after the Dukes failed to file a fourth amended complaint as ordered or inform the court of an affirmative choice not to amend. *See id.* at 640, 642-43 (discussing factors to consider in determining whether to dismiss under Fed. R. Civ. P. 41(b) for failure to comply with a court order; this court may review the record independently to determine if the district court abused its discretion); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal.").

In light of our disposition, we do not consider Shayla Duke's challenges to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation

and internal quotation marks omitted)).

We reject as meritless Shayla Duke's contentions regarding the magistrate judge's jurisdiction. *See* 28 U.S.C. § 636(b)(1).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Shayla Duke's request for appellate counsel, set forth in her opening brief, is denied.

All pending motions are denied.

**AFFIRMED.**