**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 25 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL BENNETT, | No. 21-55679 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-04996-VBF-AS |
| v. | |
| FELICIA PONCE, Warden, Terminal Island FCI, individuals; MEDICAL STAFF AT TERMINAL ISLAND; TROY MATTHEWS, Staff Physician Assistant, individual; MARCOS AIRD, Staff Physician Assistant, individual; EVELYN CASTRO, M.D. / C.D., Staff Physician, individual, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted January 18, 2023**

Before:      GRABER, PAEZ, and NGUYEN, Circuit Judges.

Former federal inmate Carl Bennett appeals pro se from the district court's

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment dismissing his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for failure to prosecute and comply with court orders. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by dismissing Bennett's action for failure to prosecute after Bennett failed to file a fifth amended complaint or inform the court of an affirmative choice not to amend, despite being warned that failure to do so could result in dismissal and having previously received an extension of time after failing to meet the initial deadline. *See id.* at 642–43 (discussing factors to be considered before dismissing a case under Federal Rule of Civil Procedure 41(b)).

We do not consider Bennett's contentions concerning the underlying merits of this action. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (holding that interlocutory orders are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or a result of negligence or mistake).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**