**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

LAFONZO R. TURNER,

Plaintiff-Appellant,

v.

B. M. CASH, individual and Warden, in her official capacity; et al.,

Defendants-Appellees.

No. 22-55539

D.C. No. 2:14-cv-04758-SB-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted September 17, 2024[**]

Before:  WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

California state prisoner Lafonzo R. Turner appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to prosecute or comply with court orders. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Thompson v. Hous. Auth. of City of L.A.*, 782

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.2d 829, 831-32 (9th Cir. 1986). We affirm.

The district court did not abuse its discretion by dismissing Turner's action because Turner refused to attend the first day of trial, and he abandoned a subsequent hearing despite being repeatedly warned that failure to appear at a proceeding would result in a dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (setting forth factors for determining whether an action should be dismissed as a sanction for failure to prosecute or comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)); *Thompson*, 782 F.2d at 831 ("We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders.").

We reject as unsupported by the record Turner's contentions that the district court was biased against him.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Turner's motion to submit a supplemental declaration (Docket Entry No. 14) is granted. All other pending motions are denied.

**AFFIRMED.**