**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORETTA GAINES,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>PRC INC.,<br><br>        Defendant - Appellee. | No. 24-858<br><br>D.C. No. 3:22-cv-03749-TLT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Submitted September 17, 2025[**]

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

Loretta Gaines appeals pro se from the district court's judgment dismissing for failure to prosecute her employment action alleging federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Gaines's request for oral argument, set forth in the opening brief, is denied.

*Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002).  We affirm.

The district court did not abuse its discretion by dismissing Gaines's action after Gaines failed to appear for the first pretrial conference and repeatedly failed to comply with the court's orders and deadlines.  *See* Fed. R. Civ. P. 41(b) (a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *Pagtalunan*, 291 F.3d at 642-43 (discussing factors to be considered before dismissing a case for failure to prosecute or failure to comply with a court order); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." (citations omitted)).

We reject as unsupported by the record Gaines's contention that the district court was biased against her.

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**