**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

NOV 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYNTHIA RENEE KELLY, | No. 23-4017 |
| Plaintiff - Appellant, | D.C. No. 4:22-cv-05470-HSG |
| v. | |
| CUBESMART; CUBESMART, L.P.; CUBESMART MANAGEMENT, LLC; LEWIS BRISBOIS BISGAARD & SMITH, LLP, Specially Appearing Defendant; JOHANNA TEMPLETON, Specially Appearing Defendant; JESSICA STUART PLINER, Specially Appearing Defendant, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted November 12, 2025**

Before: SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Cynthia Renee Kelly appeals pro se from the district court's judgment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing for failure to prosecute her diversity action alleging state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal under Federal Rule of Civil Procedure 41(b). *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion in dismissing Kelly's action for failure to prosecute after Kelly failed to appear for case management conferences, failed to file a case management statement, and filed several notices indicating she would not participate in the case. *See* Fed. R. Civ. P. 41(b) (a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (discussing factors to be considered before dismissing a case for failure to prosecute or failure to comply with a court order).

Because we affirm the district court's dismissal for failure to prosecute, we do not consider Kelly's challenges to the district court's interlocutory orders. *See Al-Torki*, 78 F.3d at 1386 ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal quotation marks omitted)).

We reject as unsupported by the record Kelly's contentions that the district court was biased against her.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The motion (Docket Entry No. 109) to accept the late-filed reply brief is granted. All other pending motions and requests are denied.

**AFFIRMED.**

23-4017