**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARNITHA HILL; TIANA
FIELDS; ANTHONY
GRANDERSON; BREJONNA
GRANDERSON; MONTREAL
GRANDERSON; UNIQUE FIELDS,

No. 24-4185

D.C. No. 2:22-cv-01625-DJC-AC

MEMORANDUM*

   Plaintiffs - Appellants,

 v.

CITY OF SACRAMENTO; ROBERT
HAMM, Sgt. #3018; DELGADO, Officer
#358; BRETT MELLOCH, Officer
#602; DEREK CALABRESE, Officer
1005; ERICK NEDELJKOVIC; JOSEPH
SWALEH, Officer 900,

   Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Judge, Presiding

Submitted February 18, 2026**

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Arnitha Hill, Tiana Fields, Anthony Granderson, Brejonna Granderson, Montreal Granderson, and Unique Fields appeal pro se from the district court's judgment dismissing their 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal under Federal Rule of Civil Procedure 41(b). *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). We affirm.

The district court did not abuse its discretion by dismissing plaintiffs' action because plaintiffs failed to respond to the court's order to show cause regarding defendants' motion to dismiss the second amended complaint, despite a warning that failure to respond would result in dismissal. *See* Fed. R. Civ. P. 41(b) (permitting dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (discussing factors to be considered before dismissing a case for failure to comply with a court order; a district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (explaining that this court may review the record independently if the district court does not make explicit findings to show its consideration of the factors).

In light of our disposition, we do not consider plaintiffs' contentions challenging the district court's order dismissing the first amended complaint. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (holding that interlocutory orders are not appealable after a dismissal for failure to prosecute).

We reject as without merit plaintiffs' contention that the magistrate judge should have been recused.

**AFFIRMED.**