**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DALE SUNDBY, individually and as sole beneficiary and sole TRUSTEE of Decl. of Trust, Trust No. 1989-1, Dated: January 26, 1989; EDITH SUNDBY,<br><br>    Plaintiffs - Appellants,<br><br>and<br><br>STEFANIE SUNDBY,<br><br>    Plaintiff,<br><br>  v.<br><br>LEWIS LANDAU; JEFFREY MYERS; KATHLEEN MYERS; TROY SLOME; ANDRES SALSIDO, Trustee; STEVEN M. COBIN; CHRISTOPHER MYERS; VICKIE McCARTY; TODD B. COBIN, Trustee; BARBARA A. COBIN, Trustee; DOLORES THOMPSON; KIMBERLY GILL RABINOFF; DOROTHY FASACK; BENNING MANAGEMENT GROUP; MARQUEE FUNDING GROUP, INC.; PLATINUM LOAN SERVICING, INC.; SCOT FINE; RYAN JOE R.J. SOLOVY; DOES, I-X, | No. 25-4180<br><br>D.C. No. 2:24-cv-07276-MCS-BFM<br><br>MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants - Appellees,

and

S.B.S. TRUST DEED NETWORK,

Defendant.

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted February 18, 2026[**]

Before:     CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Dale Sundby, in his individual capacity and as trustee of the Dale H. Sundby and Edith Littlefield Sundby Trust No. 1989-1 dated January 26, 1989, and Edith Sundby appeal pro se from the district court's judgment dismissing their foreclosure-related action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal under Federal Rule of Civil Procedure 41(b). *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). We affirm.

The district court did not abuse its discretion in dismissing plaintiffs' action because plaintiffs failed to comply with the district court's order requiring them to

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2                                                                                          25-4180

file an amended complaint or provide notice to the court that they would not amend. *See* Fed. R. Civ. P. 41(b) (permitting dismissal "[i]f the plaintiff fails to prosecute or to comply with . . . a court order"); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (discussing factors to be considered before dismissing a case for failure to comply with a court order); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that a district court may dismiss sua sponte under Rule 41(b)).

The district court did not abuse its discretion by denying plaintiffs' post-judgment motion for reconsideration because plaintiffs failed to demonstrate any basis for such relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 59(e) and 60(b)); *see also* C.D. Cal. R. 7-18 (setting forth grounds for reconsideration under local rules); *Hinton v. Pac. Enters.,* 5 F.3d 391, 395 (9th Cir. 1993) (setting forth standard of review for compliance with local rules).

In light of our disposition, we do not consider plaintiffs' challenges to the

district court's orders granting defendants' motions to dismiss with leave to amend and denying plaintiffs' first motion for reconsideration. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (holding that where dismissal was a sanction, interlocutory orders are not appealable).

**AFFIRMED.**